# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAWRENCE WRIGHT**, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**LEAFFILTER NORTH, LLC,**<br><br>*Defendant.* | Civil Case No.:<br><br><br>**COMPLAINT - CLASS ACTION** |

## INTRODUCTION

1.      This action arises out of Defendant, LeafFilter North, LLC's ("Defendant"), practice of advertising its services via unsolicited calls and text message marketing to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.      Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1]

3.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2343 (2020).

4.      Plaintiff has done no business with Defendant and has never provided

---

[1].  *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).

Defendant prior express written consent to call or send text messages to his cellular telephone number.

5.     Plaintiff's telephone number was registered on the National Do-Not-Call Registry at the time of the calls and text messages he received.

6.     Accordingly, Plaintiff brings this TCPA action on behalf of himself and two classes of similarly situated individuals.

## **JURISDICTION AND VENUE**

7.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

8.     The Court has jurisdiction over Defendant because Defendant conducts business transactions in this District, has committed tortious acts in this District and has targeted residents of this District with its telemarketing campaigns.

9.     Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## **PARTIES**

10.     Mr. Wright is, and at all times mentioned herein was, a citizen and resident of Stroudsburg, Pennsylvania.

11.     Plaintiff is, and at all times mentioned herein was, a "person" as defined

by 47 U.S.C. § 153(39).

12.     Defendant is, and at all times mentioned herein was, an Ohio corporation headquartered at 1595 Georgetown Road, Hudson, OH 44236.

13.     Defendant may be served via its registered agent, Corporation Service Company located at 1160 Dublin Road, Suite 400, Columbus, OH 43215.

14.     Defendant is registered to do business in the Commonwealth of Pennsylvania.

15.     Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## GENERAL FACTUAL ALLEGATIONS

16.     Defendant, or someone acting on its behalf and at its direction, makes prerecorded telephone calls and sends automated text messages marketing its gutter protection products.

17.     Defendant's telephone calls come from changing ten-digit telephone numbers, including but not limited to: (314) 377-5592, (314) 377-5593, (314) 571-6894, (314) 396-6592, (314) 936-6594, (314) 936-6596, (314) 936-6602, (314) 936-6604, (314) 936-6608 and (314) 936-6609.

18.     Defendant's text messages also come from changing ten-digit telephone numbers, including but not limited to: (234) 404-5497, (234) 602-3612, (234) 602-3607 and (234) 599-5477.

19.     Because these calls and text messages advertise Defendant's products and services, they constitute telemarketing messages and telephone solicitations.

## PLAINTIFF WRIGHT'S FACTUAL ALLEGATIONS

20.     Plaintiff Wright is the sole and customary user of cellular telephone number (223)-XXX-5566.

21.     The area code 223 is an area code assigned for use in the Commonwealth of Pennsylvania.

22.     Plaintiff Wright's cellular telephone number, (223)-XXX-5566, is a personal telephone number and is used for residential purposes.

23.     Plaintiff Wright placed his cellular telephone number, (223)-XXX-5566, on the National Do-Not-Call Registry on May 18, 2023.

24.     On or about July 11, 2023, Plaintiff began receiving prerecorded calls and telemarketing text messages from Defendant.

25.     On July 11, 2023 at 8:37am, Plaintiff received a call from Defendant from telephone number (314) 936-6609, which left the following prerecorded message on Plaintiff's voicemail:

> . . . to schedule your free estimate and inspection. I look forward to your return call at 1-800-290-6106. Thank you, and make it a great day.

26.     Plaintiff knew this was a prerecorded message because the beginning of the message was cut off.

27.    On July 11, 2023 at 2:25pm, Plaintiff received a call from Defendant from telephone number (314) 936-6609, which left the following prerecorded message on Plaintiff's voicemail:

> Sorry I missed you, this is Dean with LeafFilter gutter protection reaching out as you requested to schedule your free estimate and inspection. I look forward to your return call at 1-800-290-6106. Thank you, and make it a great day.

28.    Plaintiff knew this was a prerecorded message because it was nearly identical to the message he received previously.

29.    On July 11, 2023 at 7:39pm, Plaintiff received a call from Defendant from telephone number (314) 936-6609, which left the following prerecorded message on Plaintiff's voicemail: ". . . 6. Thank you, and make it a great day."

30.    Plaintiff knew this was a prerecorded message because the beginning of the message was cut off and the ending left on his voicemail was the same ending on the previous message he received.

31.    On July 12, 2023 at 8:49am, Plaintiff received the following text message sent from Defendant:





32. On July 12, 2023 at 9:43am, Plaintiff received a call from Defendant from telephone number (314) 936-6596.

33. On July 12, 2023 at 1:44pm, Plaintiff received a call from Defendant from telephone number (314) 936-6596, which left the following prerecorded message on Plaintiff's voicemail: ". . . to your return call at 1-800-290-6106. Thank you, and make it a great day."

34. Plaintiff knew this was a prerecorded message because the beginning of the message was cut off and the ending left on his voicemail was the same ending on the previous message he received.

35. On July 13, 2023 at 10:03am, Plaintiff received a call from Defendant from telephone number (314) 936-6596.

36.     On July 14, 2023 at 10:17am, Plaintiff received a call from Defendant from telephone number (314) 377-5593, which left the following prerecorded message on Plaintiff's voicemail: ". . . Thank you, and make it a great day."

37.     Plaintiff knew this was a prerecorded message because the beginning of the message was cut off and the ending left on his voicemail was the same ending on the previous message he received.

38.     On July 14, 2023 at 10:27am, Plaintiff received the following text message sent from Defendant:





39.     On July 14, 2023 at 3:05pm, Plaintiff received a call from Defendant from telephone number (314) 377-5593, which left the following prerecorded message on Plaintiff's voicemail: "06. Thank you, and make it a great day."

40.     Plaintiff knew this was a prerecorded message because the beginning of the message was cut off and the ending left on his voicemail was the same ending on the previous message he received.

41.     On July 14, 2023 at 7:57pm, Plaintiff received a call from Defendant from telephone number (314) 377-5593, which left the following prerecorded message on Plaintiff's voicemail: "0-6106. Thank you, and make it a great day."

42.     Plaintiff knew this was a prerecorded message because the beginning of the message was cut off and the ending left on his voicemail was the same ending on the previous message he received.

43.     On July 15, 2023 at 11:27am, Plaintiff received a call from Defendant from telephone number (314) 936-6608, which left the following prerecorded message on Plaintiff's voicemail: "to your return call at 1-800-290-6106. Thank you, and make it a great day."

44.     Plaintiff knew this was a prerecorded message because the beginning of the message was cut off and the ending left on his voicemail was the same ending on the previous message he received.

45.     On July 16, 2023 at 2:18pm, Plaintiff received a call from Defendant from telephone number (314) 936-6602, which left the following prerecorded message on Plaintiff's voicemail: "and make it a great day."

46.     Plaintiff knew this was a prerecorded message because the beginning

of the message was cut off and the ending left on his voicemail was the same ending on the previous message he received.

47.     On July 17, 2023 at 11:21am, Plaintiff received the following text message sent from Defendant:



48.     On July 17, 2023 at 2:38pm, Plaintiff received a call from Defendant from telephone number (314) 936-6602, which left the following prerecorded message on Plaintiff's voicemail: "06. Thank you, and make it a great day."

49.     Plaintiff knew this was a prerecorded message because the beginning of the message was cut off and the ending left on his voicemail was the same ending on the previous message he received.

50.     On July 18, 2023 at 7:20pm, Plaintiff received a call from Defendant from telephone number (314) 571-6894, which left the following prerecorded

message on Plaintiff's voicemail:

51.     On July 21, 2023 at 11:51am, Plaintiff received a call from Defendant

from telephone number (314) 936-6604, which left the following prerecorded

message on Plaintiff's voicemail:

> Hello, this is LeafFilter gutter protection calling to
> schedule your free estimate for the gutter protection
> system. Please call me back at 1-800-290-6106 USA, or
> 844-211-4281 Canada. Thanks, and have a great day.

52.     Plaintiff knew this to be a prerecorded message due to the tone and

sound of the message as well as the cadence.

53.     On July 22, 2023 at 10:24am, Plaintiff received a call from Defendant

from telephone number (314) 936-6604.

54.     On July 23, 2023 at 12:39 pm, Plaintiff received a call from Defendant

from telephone number (314) 936-6612, which left the following prerecorded

message on Plaintiff's voicemail:

> Hello, this is LeafFilter gutter protection calling to
> schedule your free estimate for the gutter protection
> system. Please call me back at 1-800-290-6106 USA, or
> 844-211-4281 Canada. Thanks, and have a great day.

55.     Plaintiff knew this to be a prerecorded message due to the tone and

sound of the message as well as the cadence.  In addition, it was identical to one of

the messages he received previously.

56.     On July 24, 2023 at 2:24pm, Plaintiff received a call from Defendant

from telephone number (314) 936-6604.

57.     On July 25, 2023 at 1:30pm, Plaintiff received a call from Defendant from telephone number (314) 377-5592, which left the following prerecorded message on Plaintiff's voicemail:

> Hello, this is LeafFilter gutter protection calling to schedule your free estimate for the gutter protection system. Please call me back at 1-800-290-6106 USA, or 844-211-4281 Canada. Thanks, and have a great day.

58.     Plaintiff knew this to be a prerecorded message due to the tone and sound of the message as well as the cadence.  In addition, it was identical to one of the messages he received previously.

59.     On July 26, 2023 at 2:07pm, Plaintiff received a call from Defendant from telephone number (314) 936-6608.

60.     On July 27, 2023 at 2:33pm, Plaintiff received a call from Defendant from telephone number (314) 936-6592, which left the following prerecorded message on Plaintiff's voicemail:

> Hello, this is LeafFilter gutter protection calling to schedule your free estimate for the gutter protection system. Please call me back at 1-800-290-6106 USA, or 844-211-4281 Canada. Thanks, and have a great day.

61.     Plaintiff knew this to be a prerecorded message due to the tone and sound of the message as well as the cadence.  In addition, it was identical to one of the messages he received previously.

62.     On July 28, 2023 at 3:54pm, Plaintiff received a call from Defendant from telephone number (314) 936-6592.

63.     On July 29, 2023 at 3:06pm, Plaintiff received a call from Defendant from telephone number (314) 936-6592, which left the following prerecorded message on Plaintiff's voicemail:

> Hello, this is LeafFilter gutter protection calling to schedule your free estimate for the gutter protection system. Please call me back at 1-800-290-6106 USA, or 844-211-4281 Canada. Thanks, and have a great day.

64.     Plaintiff knew this to be a prerecorded message due to the tone and sound of the message as well as the cadence.  In addition, it was identical to one of the messages he received previously.

65.     On July 30, 2023 at 6:17pm, Plaintiff received a call from Defendant from telephone number (314) 936-6592.

66.     On July 31, 2023 at 6:20pm, Plaintiff received a call from Defendant from telephone number (314) 936-6592.

67.     On August 2, 2023 at 4:19pm, Plaintiff received a call from Defendant from telephone number (314) 936-6592.

68.     On August 3, 2023 at 3:50pm, Plaintiff received a call from Defendant from telephone number (314) 936-6594, which left the following prerecorded message on Plaintiff's voicemail:

> Hello, this is LeafFilter gutter protection calling to

> schedule your free estimate for the gutter protection system. Please call me back at 1-800-290-6106 USA, or 844-211-4281 Canada. Thanks, and have a great day.

69.    Plaintiff knew this to be a prerecorded message due to the tone and sound of the message as well as the cadence.  In addition, it was identical to one of the messages he received previously.

70.    On August 4, 2023 at 3:30pm, Plaintiff received a call from Defendant from telephone number (314) 936-6594.

71.    On August 7, 2023 at 6:51pm, Plaintiff received a call from Defendant from telephone number (314) 936-6594.

72.    On September 24, 2023 at 5:01pm, Plaintiff received a call from Defendant from telephone number (314) 936-6612, which left the following prerecorded message on Plaintiff's voicemail:

> Hello, this is Rachael from LeafFilter gutter protection calling to schedule your free estimate. Our local team of pros are expertly trained and looking forward to providing you with full service treatment and our industry leading gutter protection system. To schedule your free estimate, please call us at 1-800-290-6106 if you reside in the US. Or call us at 844-211-4281 if you reside in Canada. If you'd like to be placed on our do not call list, please call 877-308-0811. Thank you, and have a great day.

73.    Plaintiff knew this to be a prerecorded message due to the tone and sound of the message as well as the cadence.

74.    On November 17, 2023 at 8:07pm, Plaintiff received the following text

message sent from Defendant:



75.    Plaintiff did not sign up for these messages.

76.    Plaintiff did not sign up for these prerecorded calls.

77.    Plaintiff never provided prior express written consent (or any consent)

to Defendant for these prerecorded calls or text messages.

78.    Plaintiff never provided his telephone number to Defendant.

79.    Defendant's violations were, at a minimum, negligent.

80.    Alternatively, Defendant's violations were willful and knowing

because Defendant knew that Plaintiff's telephone number was registered on the

National Do-Not-Call list.

81.    Plaintiff and the classes were damaged by the violations alleged herein.

In addition to using their cellular data, storage, and battery life, they suffered an invasion of privacy, aggravation, annoyance, frustration, distraction, intrusion upon seclusion, and violations of their substantive statutory rights under the TCPA to remain free of unsolicited calls and text messages.   Their privacy was improperly invaded, Defendant's text messages and calls temporarily seized and trespassed upon the use of their phones, and/or they were forced to divert attention away from other activities, including work, family, and personal activities, to address the unwanted text messages and prerecorded calls. Defendant's text messages and calls were annoying and a nuisance, and wasted the time of Mr. Wright and the class members.  *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

82.    Because Plaintiff and Class Members received unsolicited text messages and calls from, or on behalf of, Defendant on their DNC registered numbers, it demonstrates the need for judicial intervention and injunctive relief to enjoin any continued and future harm.

## **DEFENDANT'S LIABILITY**

83.    The TCPA prohibits making prerecorded calls top cellular telephones without consent.  *See* 47 U.S.C. § 227(b).

84.     Defendant repeatedly violated this rule by placing prerecorded calls to cellular telephone numbers on the National Do-Not-Call registry, including Plaintiff's number.

85.     For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a minimum of $500 per call.

86.     Plaintiff is entitled to $1,500 per call if Defendant's actions are found to be knowing or willful.

87.     The TCPA also prohibits making multiple telephone solicitation calls[2] to a telephone number on the National Do Not Call Registry.  *See* 47 U.S.C. § 227(c)(5).

88.     The National Do-Not-Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

89.     A listing on the National Do-Not-Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."  *Id.*

90.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and

---

[2] Although the TCPA does not define a "call," the FCC has interpreted the TCPA to encompass both voice calls and text calls or text messaging.  *See In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.Rcd. 14014, 14115 (July 3, 2003).  Federal courts up to and including the Supreme Court have endorsed the FCC's regulation that the TCPA applies to text messages.  *See, e.g., Campbell-Ewald v. Gomez*, 577 U.S. 153, 156 (2016).

provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.   47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

91.    Defendant repeatedly violated this rule by placing telephone solicitations to telephone numbers on the National Do-Not-Call registry, including Plaintiff's number.

92.    For violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to $500 per call and/or text message.

93.    Plaintiff is entitled to $1,500 per text message if Defendant's actions are found to be knowing or willful.

## CLASS ACTION ALLEGATIONS

94.    Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of the Classes as defined as follows:

> **Prerecorded Call Class**: Plaintiff and all persons within the United States to whose cellular telephone number Defendant placed (or had placed on its behalf) a prerecorded or artificial voice call from four (4) years prior to the filing of the Complaint through the date of Certification.

> **National Do Not Call Class:** Plaintiff and all persons within the United States (1) to whose telephone number Defendant placed (or had placed on its behalf) two or more calls or text messages, (2) from four years prior to the filing of the Compliant to the date of certification, (3) for the purpose of encouraging the purchase of Defendant's products or services (4) in a 12-month period (5) when the telephone number to which the text messages were sent was on the National Do-Not-Call Registry at the time of the messages.

95.     Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

96.     The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

97.     The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

   a.  The time period(s) during which Defendant placed its calls and sent its text messages;

   b.  The telephone numbers to which Defendant placed its calls and sent its text messages;

   c.  The telephone numbers for which Defendant had prior express written consent;

   d.  The purposes of such text messages or calls;

   e.  The names and addresses of Class members.

98.     The Class is comprised of hundreds, if not thousands, of individuals.

99.    There are common questions of law and fact affecting the rights of the Members of the Class, including, *inter alia*, the following:

   a.  Whether Defendant sends telemarketing text messages or has them sent on its behalf;

   b.  Whether Defendant (or someone acting on its behalf) makes calls that utilize and artificial or prerecorded voice;

   c.  Whether Defendant obtains prior express written consent;

   d.  Whether Defendant sends solicitation text messages to telephone numbers registered on the National Do-Not-Call Registry;

   e.  Whether Defendant makes calls to telephone numbers registered on the National Do-Not-Call Registry;

   f.  Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

   g.  Whether Defendant should be enjoined from engaging in such conduct in the future.

100.   Plaintiff is a member of the Classes in that Defendant placed two or more calls and text messages to his telephone for telemarketing purposes in a one-year period when his telephone number was on the National Do-Not-Call Registry. In addition, certain of the calls Plaintiff received utilized a prerecorded voice.

101.   Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

102.   Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted text messages and calls, lost space on their devices, and suffered a nuisance and an invasion of their privacy.

103.   Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

104.   Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent himself and the Classes.

105.   Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

106.   The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

107.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

108.   Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Prerecorded Call Class)**

109.   Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

110.   Defendant placed, or had placed on its behalf, prerecorded telephone calls to Plaintiff's and Class Members' cellular telephone numbers without prior express written consent.

111.   Defendant has therefore violated 47 U.S.C. § 227(b).

112.   As a result of Defendant's unlawful conduct, Plaintiff and the Prerecorded Call Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

113.   Plaintiff and Prerecorded Call Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the National Do Not Call Class)**

114.   Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

115.   Defendant sent, or had sent on its behalf, text messages constituting telephone solicitations to Plaintiff's and National Do Not Call Class Members' telephone numbers.

116.   Defendant placed, or had placed on its behalf, telephone calls constituting telephone solicitations to Plaintiff's and National Do Not Call Class Members' telephone numbers.

117.   Plaintiff's and National Do Not Call Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the text messages.

118.   Plaintiff's and National Do Not Call Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

119.   Plaintiff and the National Do Not Call Registry Class Members each received two or more such text messages or calls in a 12-month period.

120.   Plaintiff and the National Do Not Call Registry Class Members are entitled to an award of $500 in statutory damages for each call and text message pursuant to 47 U.S.C. § 227(c)(5).

121.   Plaintiff and the National Do Not Call Registry Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call and text message made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.      An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes and appointing his counsel as Class Counsel;

B.      An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(c);

C.      An order declaring that Defendant's actions, as set out above, violate 47 C.F.R. 64.1200(c)(2);

D.      An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

E.      An award of statutory damages;

F.      An award of treble damages;

G.      An award of reasonable attorneys' fees and costs; and

H.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: June 13, 2025

*s/ Max S. Morgan*
Max S. Morgan, Esquire
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com